UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Muzzammil Muhammad Al Zubair, *et al.*, | ) ) | CASE NO. 1:25 CV 1495 |
| Plaintiffs, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) ) | |
| Dyann Davison, *et al.*, | ) ) | <u>Memorandum of Opinion and Order</u> |
| Defendants. | ) | |

### <u>Introduction</u>

This matter is before the Court upon defendant Dyann Davison's Motion to Dismiss (Doc. 10), defendant United States of America's Motion to Dismiss or for Summary Judgment (Doc. 11), defendant Howard Hanna Real Estate Services, Inc.'s Motion to Dismiss (Doc. 14), and plaintiffs' Motion for Leave to Amend under Rule 15(a)(2) (Doc. 23). For the following reasons, all defendants' motions are GRANTED and plaintiffs' Motion for Leave to Amend is DENIED.

### <u>Facts</u>

Plaintiffs Muzzammil Muhammad Al Zubair and Zubair Abdur Razzaq Al Zubair

("plaintiffs"), proceeding *pro se,* filed their Complaint on July 6, 2025, in the Cuyahoga County Court of Common Pleas against defendants Dyann Davison ("Davison"), Howard Hanna Real Estate Services, Inc. ("Howard Hanna"), and Special Agent Michael Mitchell ("Mitchell"). Defendant Mitchell filed a Notice of Removal stating,

> The Attorney General, through the Acting United States Attorney, has certified that Special Agent Mitchell was acting within the scope of his federal employment at the time of the incident out of which the claim arose. Thus, the United States shall be substituted as the party defendant pursuant to 28 U.S.C. § 2679(d)(1) and the action shall be removed to the United States District Court for the Northern District of Ohio for disposition pursuant to 28 U.S.C. § 2679(d)(2).

(Doc. 1).

The Complaint alleges the following. Plaintiffs executed a Non-Disclosure Agreement ("NDA") with Davison (Senior Vice President of Howard Hanna) and Howard Hanna "regarding confidential business dealings, including real estate acquisitions, strategic partnerships, and commercial site development." The NDA prohibited Davison and Howard Hanna from disclosing confidential information without prior written consent. Plaintiffs entrusted Davison with proprietary data.  Without plaintiffs' knowledge, Davison provided private business emails and text messages to Mitchell, a Special Agent with the Federal Bureau of Investigation ("FBI"), "without subpoena, protective order, or authorization." Mitchell knowingly received confidential communications without notifying plaintiffs or complying with legal discovery procedures. Plaintiffs later received discovery in their federal case[1] showing Davison's unauthorized communications with Mitchell. As a result of the

---

[1] The federal case plaintiffs refer to is *United States v. Al Zubair, et al.*, Northern District of Ohio Case No. 1:24-CR-17. The Indictment, filed on January 23, 2024, charges plaintiffs herein with 22 counts including conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering, money laundering,

disclosure of the confidential information, plaintiffs suffered business losses.

The Complaint sets forth six claims for relief. Count One alleges breach of contract against Davison and Howard Hanna. Count Two alleges breach of fiduciary duty against Davison. Count Three alleges fraud/fraudulent concealment against Davison. Count Four alleges tortious interference with business expectancy against Davison and Mitchell. Count Five alleges negligent supervision, corporate and vicarious liability against Howard Hanna. Count Six alleges civil conspiracy against Davison and Mitchell.

This matter is before the Court upon Dyann Davison's Motion to Dismiss, United States of America's Motion to Dismiss or for Summary Judgment, Howard Hanna Real Estate Services, Inc.'s Motion to Dismiss, and plaintiffs' Motion for Leave to Amend under Rule 15(a)(2).

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing

theft of government funds, and harboring a fugitive. A Superseding Indictment was filed on February 20, 2025. On January 28, 2026, the jury returned a verdict of guilty on multiple counts of conspiracy to commit wire fraud, wire fraud, money laundering conspiracy, money laundering, theft of government funds, conspiracy to commit bribery, conspiracy to commit honest services wire fraud, Hobbs Act conspiracy, and aiding and assisting in the preparation of false tax returns.  Zubair Al Zubair was also found guilty of willful failure to file tax returns.

3

the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997).  As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

**1) Dyann Davison's Motion to Dismiss**

Davison moves to dismiss the counts asserted against her (One, Two, Three, Four, and Six). For the following reasons, the Court agrees that dismissal is warranted.

4

Count One alleges breach of contract (the NDA). This claim asserts that Davison and Howard Hanna entered into the binding NDA with plaintiffs, and breached it "by disclosing confidential information to unauthorized third parties, including Special Agent Michael Mitchell." (Compl. ¶¶ 15-17).

To prevail on a breach of contract claim under Ohio law, plaintiffs must show "(1) the existence of a contract between the parties; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff." *Discover Bank v. Hinders,* - N.E.3d -, 2026 WL 412443 (Ohio 2d App.Dist. February 13, 2026)(citations omitted). "A valid contract requires mutual assent, an offer and acceptance of the offer, ... consideration, and ... meeting of the minds." *Galloway v. Garmon*, - N.E.3d -, 2025 WL 3102047 (Ohio 8th App.Dist. November 6, 2025)(internal quotations and citations omitted).

Despite the Complaint's allegation that plaintiffs "executed" the NDA with Davison and Howard Hanna, the NDA attached to the Complaint is an unsigned copy drafted for execution by eight different parties. In fact, the Complaint states that the NDA submitted is an "unsigned version; executed copy will be supplemented upon production or discovery." (Doc. 1 Ex. A). However, as plaintiffs plead the existence of a contract, the contract should have been appended to the Complaint. Although Davison does not dispute that she signed the NDA as evidenced by the signature page attached to her brief (Doc. 10 Ex. A), she points out that the Complaint fails to allege that the other parties executed the NDA. Nor did plaintiffs submit a signed copy of the NDA with their brief. On this basis alone, the Court cannot conclude that there was a valid contract. Neither does the Complaint allege that all parties mutually assented to be bound. The absence of complete execution and assent by all intended

5

parties, or meeting of the minds, renders the contract invalid.

Additionally, Davison notes that the Complaint fails to allege any consideration flowing to her in exchange for the NDA's obligations. Nor is there any allegation of a detriment incurred by plaintiffs in exchange for the NDA, or performance by plaintiffs.

In response, plaintiff attaches documents that are not referenced in the Complaint, attached to it, or integral to the Complaint. (Doc. 23 Exs. A-C). These documents purport to show "notice" of the confidentiality obligations on the part of Davison and consideration in the form of payments made to Davison for her services by plaintiff.  These documents do not overcome deficiencies in the Complaint to establish a valid contract, mutual assent, or consideration. In ruling on a Rule 12(b)(6) motion, "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623 (6th Cir. 2016) (citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) and *Bassett v. Natl. Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008)). Otherwise, a court is not permitted to consider matters beyond the complaint when considering a motion to dismiss unless the motion is converted into a motion for summary judgment. *Varela v. Harrison*, 2026 WL 459261, at *2 (W.D. Tenn. Feb. 18, 2026) (citations omitted). Accordingly, the Court may not consider these exhibits.

Even if the Court were to consider these exhibits, they do not undermine Davison's grounds for dismissal. Exhibit A is an unsigned and undated letter from plaintiffs' legal

counsel to Davison purporting to terminate Davison's business relationship with plaintiffs and their business entities. To the extent plaintiffs offer this exhibit to show that Davison signed the NDA and was on notice of her obligations, the letter does not show (as plaintiffs assert) that they terminated their relationship with Davison for violating the NDA. Rather, the letter states that it was terminated "because they do not believe that it was a good fit for them to work with you." Regardless, the letter does not cure the deficiencies in the Complaint, i.e., the existence of a valid contract or mutual assent for the reasons set forth above. Exhibit B consists of illegible emails purporting to show Davison's response to the termination letter and her awareness of confidentiality obligations. Again, these communications are irrelevant to the sufficiency of the allegations in the Complaint. Exhibit C consists of bank statements purporting to show payments made to Davison following her re-engagement with plaintiffs. Plaintiffs offer this exhibit to show consideration flowing to Davison. Assuming plaintiffs were permitted to offer this document, the Complaint still fails to plead a valid and enforceable contract. Nor do plaintiffs address the Complaint's failure to plead their performance under the NDA.

For these reasons, Count One is subject to dismissal as to Davison for failure to plead a valid, enforceable contract or a breach thereof.

Even if the Court found that the Complaint plead a valid contract, Davison argues that the NDA is void as a matter of public policy. This Court agrees and finds that Count One fails to state a claim for this additional reason.

Contracts, such as the NDA, cannot be enforced to conceal criminal conduct which plaintiffs are apparently attempting to accomplish here. *See Brooklyn Sav. Bank v. O'Neil, 324*

U.S. 697, 710 (1945) (contracts tending to encourage violation of laws are void as contrary to public policy); *Fomby-Denson v. Dep't of Army*, 247 F.3d 1366, 1376 (Fed. Cir. 2001) (contracts barring the reporting of crimes are held to be unenforceable). See also *In re Grand Jury Subpoena Dated Feb. 23, 2024*, 2024 WL 1363711, at \*4 (S.D.N.Y. Mar. 29, 2024)("And 'as a matter of public policy,' it is plain that private agreements (such as non-disclosure agreements) cannot trump compulsory process in a grand jury investigation.") The Complaint expressly alleges that Davison breached the NDA "by disclosing confidential information to unauthorized third parties, including Special Agent Michael Mitchell." (Compl. ¶ 16). The Complaint alleges that Mitchell was "assigned to plaintiffs' federal criminal case" and that plaintiffs received discovery in that case showing Davison's "unauthorized communications with Mitchell." (*Id.* ¶¶ 4, 11). The Court agrees with Davison that to allow a claim for breach of contract to proceed against an individual for cooperating with the federal government in a criminal investigation would embolden prospective wrongdoers to use NDAs to conceal their misconduct.

Davison submits a letter addressed to her from the United States Attorney dated June 21, 2022, which states the following:

> Pursuant to an official criminal investigation of a federal offense being conducted by the Federal Bureau of Investigation, it is requested that your company furnish the information set forth on the attached Grand Jury subpoena.
>
> You are requested not to disclose the existence of this request. Any such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the laws of the United States.

(Doc. 10 Ex. B). The Subpoena to Testify Before Grand Jury identifying plaintiffs is attached to the letter. Mitchell is identified on the subpoena as the Special Agent to whom the

documents should be sent. (*Id.*).

Plaintiffs argue that while they do not dispute that lawful subpoenas must be obeyed, their claims concern "alleged conduct outside lawful compulsory process- presubpoena solicitation, and voluntary transmission of plaintiffs' confidential materials, and alleged misuse of confidential information beyond lawful scope." (Doc. 23 at 5). Plaintiffs maintain that the criminal case shows that documents were requested and transmitted before any subpoena was issued.

Davison argues that the timing of the alleged disclosures, whether before or after a subpoena, is irrelevant as all were made at the direction of law enforcement. The Court agrees. The Sixth Circuit has recognized:

> Ohio public policy precludes enforcement of agreements to conceal a crime where, as here, the plaintiff is effectively urging the court to enforce an agreement he reached with a co-conspirator to withhold evidence of plaintiff's crimes. It is well settled that reporting criminal activity to a prosecutor is not actionable:
>
> > As a matter of public policy, extension of an absolute privilege under such circumstances will encourage the reporting of criminal activity by removing any threat of reprisal in the form of civil liability. This, in turn, will aid in the proper investigation of criminal activity and the prosecution of those responsible for the crime.

*Ventura v. The Cincinnati Enquirer*, 396 F.3d 784, 791 (6th Cir. 2005)(quoting *Di Corpo v. Sweeney*, 69 OSt3d 497 (1994)). See also *Disciplinary Council v. Rossi,* 2025 WL 3491448 (S.Ct. of Ohio December 5, 2025)(citations omitted)("A contractual provision that frustrates the prosecution of a criminal case is void against public policy.") Accordingly, plaintiffs' attempt to enforce the NDA so as to prevent Davison's compliance with Mitchell's requests for documents in connection with the criminal investigation- whether before the subpoena issued or not- would violate public policy.

For the foregoing reasons, Count One as to Davison is dismissed for failure to state a claim.[2]

Davison moves to dismiss the remaining Counts Two, Three, Four, and Six. Plaintiffs present no argument whatsoever as to these claims and the motion is unopposed on that basis. The Court finds that dismissal of Counts Two, Three, Four, and Six is warranted for the reasons set forth by Davison. See *Walker v. JPMorgan Chase Bank, N.A.*, 2026 WL 205487(W.D. Mich. Jan. 2, 2026), report and recommendation adopted, 2026 WL 196435 (W.D. Mich. Jan. 26, 2026)("[P]laintiff did not file a response to defendants' motions to dismiss. This failure is fatal to his position, being both a forfeiture of his claim and a waiver of opposition to the relief sought in the motion.")(citing *Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim amounts to a forfeiture of that claim)).

Finally, plaintiffs cursorily request leave to amend the Complaint. Plaintiffs assert, "If the Court finds any count insufficient, plaintiffs respectfully request leave to amend under Rule 15(a)(2) to add detail (dates, specific documents/communications categories, the business relationships impacted, and a clearer damages theory)." (Doc. 23 at 6).

Plaintiffs have not submitted a proposed amendment or articulated facts which would be included in the suggested amendment. On this basis, a request for leave to amend is properly denied. As the Sixth Circuit has explained:

> [A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought...does not constitute a motion

---

[2] Having found dismissal is warranted on Count One against Davison for these reasons, the Court need not address the other arguments set forth by Davison.

within the contemplation of [Federal Rule of Civil Procedure] 15(a). A request for leave to amend "almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is...not a motion to amend.

*Louisiana. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010)(citations omitted).

For these reasons, Davison's Motion to Dismiss is granted.

**(2) United States of America's Motion to Dismiss or for Summary Judgment**

Counts Four (tortious interference with business expectancy) and Six (civil conspiracy) are asserted against Mitchell. As stated above, the United States has been substituted as the party defendant in place of Mitchell. The United States argues that plaintiffs failed to present an administrative tort claim to the FBI prior to filing their Complaint, a mandatory condition of the United States' waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA"), and, therefore, the Complaint fails to state a claim upon which relief may be granted. For the following reasons, this Court agrees.[3]

The FTCA requires that a party exhaust his administrative remedies before bringing suit against the United States. 28 U.S.C. § 2675(a) states in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

---

[3]  Because dismissal is warranted under Rule 12(b)(6), the Court need not address the alternative basis set forth for dismissal, i.e., the claims are barred by sovereign immunity and, thus, the Court lacks subject matter jurisdiction. The United States also seeks summary judgment in the alternative. The Court need not reach this basis either.

"An FTCA suit shall not be instituted until the plaintiff first presents the claim to the appropriate federal agency and the agency denies the claim." *Kellom v. Quinn*, 86 F.4th 288, 292 (6th Cir. 2023). A plaintiff must exhaust administrative remedies before invoking the judicial process, i.e., filing a complaint. *Id.* (citing *McNeil v. United States*, 508 U.S. 106 (1993)). A failure to exhaust administrative remedies before filing a complaint under the FTCA "renders the claim subject to dismissal without prejudice under Rule 12(b)(6)." *Johnson v. United States*, 2025 WL 92993, at *1 (W.D. Tenn. Jan. 14, 2025)(citing *Powers v. United States*, 2019 WL 1424331, at *3 (E.D. Mich. Mar. 29, 2019)). Moreover, "A plaintiff who fails to comply can't cure that failure by exhausting administrative remedies while the suit is pending: the claim must be reasserted in a new action." *Kellom,* 86 F.4th at 292. (citations and internal quotations omitted).

Plaintiffs failed to file an administrative tort claim with the FBI regarding any alleged tortious conduct by Mitchell. In fact, plaintiffs make no such averment in the Complaint. They do not dispute that they failed to exhaust administrative remedies. Instead, they request leave to amend (without any proposed amended pleading) or a dismissal without prejudice. As stated earlier, the failure to exhaust cannot be cured while the suit is pending. Thus, amendment would be futile. However, dismissal is without prejudice.

For these reasons, the United States' Motion to Dismiss is granted.

**(3) Howard Hanna's Motion to Dismiss**

Counts One (breach of contract) and Five (negligent supervision, corporate and vicarious liability) are asserted against Howard Hanna. Howard Hanna argues that dismissal is warranted in its favor for all the reasons asserted by Davison as to the breach of contract

claim. Howard Hanna further asserts that as Davison is entitled to dismissal of the claims against her, Howard Hanna is entitled to dismissal on the claims for vicarious liability and negligent supervision. This Court agrees.

Plaintiffs argue that Howard Hanna's conduct occurred presubpoena and outside lawful compulsory process. This Court rejected this argument as discussed above. Plaintiffs also argue that Howard Hanna is liable based on its own participation as an NDA signatory. This argument also fails for the reasons stated above regarding the validity of the contract. Finally, plaintiffs assert that Howard Hanna is liable through agency principles for the conduct of its agent, Davison. But, for the reasons warranting Davison's dismissal, Howard Hanna is entitled to dismissal as well on any claim of negligent supervision or vicarious liability.

For these reasons, Howard Hanna's Motion to Dismiss is granted.

**Conclusion**

For the foregoing reasons, Dyann Davison's Motion to Dismiss is granted, defendant United States of America's Motion to Dismiss or for Summary Judgment is granted, defendant Howard Hanna Real Estate Services, Inc.'s Motion to Dismiss is granted, and plaintiffs' Motion for Leave to Amend under Rule 15(a)(2) is denied.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 3/10/26

13